FILED

MAR - 6 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| In re | Case No. 05-15053-A-7 |
|---|---|
| PATRICK RANDALL McCALL<br><br>            Debtor.<br>_____ / | FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING TRUSTEE'S (1) MOTION TO HOLD FILED DOCUMENTS UNDER SEAL; (2) MOTION TO AUTHORIZE TRUSTEE TO ENTER DEBTOR'S RESIDENCE AND FOR OTHER MATTERS; AND (3) APPLICATION FOR EMPLOYMENT OF PRIVATE INVESTIGATOR |

    On or about February 23, 2006, the court received from Michael T. Hertz, attorney for Sheryl Strain, chapter 7 trustee, the following documents:

- Motion of Trustee to Hold Filed Documents Under Seal; Motion to Authorize Trustee to Enter Debtor's Residence and for Other Matters;
- Application for Employment of Private Investigator;
- Supplement to Trustee's (1) Motion to Hold Filed Documents Under Seal; (2) Application for Employment of Private Investigator; and Related Documents;
- Declaration of Richard Barnes in Support of Application for Employment of Private Investigator;
- Supplemental Declaration of Dionna M. Paris;
- Declaration of Michael Terry Hertz in Support of Motion of

1

Trustee to Hold Filed Documents under Seal.

The trustee requests that all of the documents be filed under seal. The trustee also requests employment of a private investigator, Richard Barnes. The trustee requests that the court enter an order allowing her and Mr. Barnes to enter the debtor's residence at 577 West Keats, Clovis, California, and to enter and open a trailer, known as a "toy hauler," belonging to Dionna M. Paris, with her consent. The trustee believes that the debtor is concealing property of the estate, including a Harley Davidson motorcycle and other vehicles. According to the declarations provided to the court, the debtor has denied possession of or knowledge about the vehicles in question. The trustee and her counsel "are convinced that the only way in which the estate would ever recover any of the vehicles is to hire an investigator and to search, without forewarning to the Debtor, any likely location where the vehicles might be hidden." The trustee believes, based on the information she presently has, that the debtor's residence is one likely location and that the toy hauler trailer is the other likely location. The trustee believes that the debtor has taken the toy hauler and put it in the possession of a Frank E. Voita, who she asserts is acting as the debtor's agent.

Additionally, the trustee has filed an adversary proceeding against the debtor, asking that his discharge be denied. A pretrial conference in that adversary proceeding is set for June 28, 2006.

<u>Request to File Documents Under Seal.</u>

The trustee asserts that the court possesses inherent power

to seal all or part of its records. The trustee observes that under Bankruptcy Code § 107(b)(1), the court may protect an entity with respect to a trade secret, or confidential research, development, or commercial information.

There are two lines of cases about whether the bankruptcy court may go outside the scope of § 107(b) to seal documents. <u>In re Robert Landau Associates, Inc.</u> holds that the bankruptcy court has inherent authority to seal documents, even outside the scope of § 107(b). 50 B.R. 670, 675 (Bankr. S.D.N.Y. 1985). Other courts have held that § 107 limits a bankruptcy court's ability to enter orders sealing documents. <u>Gitto Global Corp.</u>, 422 F.3d 1, 7-8 (1st Cir. 2005).

> "Together, the two components of § 107-the broad right of access created in § 107(a) and the exceptions set forth in § 107(b)-create a framework for determining whether a paper filed in a bankruptcy case is available to the public or subject to protection. Absent § 107, this question would be addressed by reference to the common law. Because § 107 speaks directly to the question of public access, however, it supplants the common law for purposes of determining public access to papers filed in a bankruptcy case. . . . Therefore, issues concerning public disclosure of documents in bankruptcy cases should be resolved under § 107, . . . not under the common law." <u>Id.</u> (citations and internal quotations omitted).

Section 107(b) of the Bankruptcy Code does not provide support for the trustee's request to seal documents here. The trustee wants the documents she filed sealed because she is concerned that if the debtor learns of the trustee's efforts to find the vehicles, he will either "be circumspect and not go near them for a good period of time" or will "cause their removal to a place where Trustee cannot find them."

The trustee and the debtor are involved in an adversary proceeding. The amended complaint refers at ¶ 19 to certain

3

vehicles that the trustee has been unable to locate that the trustee asserts remain in the control or possession of the debtor. Thus, the subject of the trustee's motion here is related to the adversary proceeding pending in this court.

Bankruptcy Code § 107(a) is rooted in and recognizes a broad right of public access to judicial proceedings and to documents filed in the bankruptcy court. <u>In re Gitto Global Corp.</u>, 422 F.3d at 7. Additionally, in the context of ongoing litigation, this broad right of access becomes even more central. By way of example, Fed. R. Bankr. P. 7026(b)(1) provides that parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Rule 7034 contemplates inspection of property.

The trustee's request that the documents submitted in connection with her motion be filed under seal will be denied. The request is outside the scope of Bankruptcy Code § 107(b). Particularly in the context of the pending litigation between the parties, this court is not of the view that Bankruptcy Code § 105 warrants any expansion of § 107(b).

<u>Requests to Enter Debtor's Residence to Search for Property of the Estate and to Open and Enter into the Toy Hauler Trailer the Trustee Believes is in the Debtor's Possession, Custody or Control.</u>

Here, the court is guided by a decision of the United States District Court for the Eastern District of California in a similar case. See, <u>In re Truck-A-Way</u>, 300 B.R. 31 (E.D. Cal. 2003). In the Truck-A-Way case, two chapter 7 trustees filed with the bankruptcy court an ex parte application for order

authorizing the immediate entry, search and seizure of property. No notice was given to either debtor. The proposed order "purportedly authorized the search and seizure of property allegedly belonging to the bankruptcy estate." Id. at 33. The bankruptcy court granted the ex parte application without notice. The order allowed the trustees for the James Burke and Truck-A-Way bankruptcy estates, along with designated professionals, to enter the residences of James Burke and any storage units at the residence locations. It also authorized searches of the premises and removal of items that were property of either bankruptcy estate, along with other relief. The order also directed the United States Marshal to accompany the trustees on their searches.

The matter came before the district court in a motion by Linda Burke, the spouse of debtor James Burke, a defendant in the district court proceeding, to disqualify the counsel for the plaintiff trustee of the Truck-A-Way bankruptcy estate for violations of ethical and professional standards.

The district court observed that counsel for the trustee, in obtaining the ex parte bankruptcy court order and carrying it out, had "acted in a manner that degraded the integrity of the court and interfered with the administration of justice." Id. at 35. The district court observed that counsel for the Truck-A-Way trustee never provided the bankruptcy court any statutory or case law authority other than Bankruptcy Code § 105(a) to support a warrantless search and seizure.

The District Court then observed that the Fourth Amendment of the Constitution protects the right of people to be secure

against unreasonable searches and seizures. "Civil search warrants and bankruptcy court 'search and seizure orders' are not exempted from the principles of the Fourth Amendment or the Federal Rules of Criminal Procedure." Id. at 36. Searches of private property without consent are generally unreasonable unless authorized by a valid search warrant. Id. at 37. According to the district court, "the explicit requirements of Rule [of Criminal Procedure] 41 reflect the exacting mandate of the Fourth Amendment and cannot be circumvented by the statutory structure created by the Bankruptcy Code." Id. at 38.

Two bankruptcy courts have also considered the Fourth Amendment to the Constitution in the context of a search by the bankruptcy trustee of property of a debtor. In In re Barman, 252 B.R. 403 (Bankr. E.D. Mich. 2000), the court held that the Fourth Amendment did apply to an inspection by a chapter 7 trustee of a debtor's residence. The bankruptcy judge in Barman concluded that the trustee acted under authority of law when inspecting a residence of a debtor to search for property of the estate. The trustee is appointed and supervised by an official of the Department of Justice. According to the Michigan bankruptcy court, every aspect of a trustee's position and function is subject to either statutory obligation or to federal, executive, or judicial branch control.

> "Accordingly, the court concludes that these circumstances surrounding the status and function of a trustee in a chapter 7 case all suggest a sufficient nexus to the government and its power that it is necessary and appropriate to apply to the trustee the Fourth Amendment limits on government power." Id. at 412-413.

The next step, according to the Michigan bankruptcy court,

is to determine whether the search requested by the trustee is reasonable.

More recently, a bankruptcy court in the Central District of California came to the conclusion that a chapter 7 bankruptcy trustee is a private party, not acting as an instrument or agent of the government. In re Kerlo, 311 B.R. 256, 265 (Bankr. C.D. Cal. 2004). Thus, according to the Central District bankruptcy court, the Fourth Amendment is not implicated when a trustee proposes to search for property of the estate.

When the Fourth Amendment of the Constitution meets the Bankruptcy Code, uncertainty abounds. How does a court square a debtor's right against unreasonable search and seizure with the fact that upon filing a bankruptcy case, all the debtor's property becomes property of the bankruptcy estate, which it is the trustee's duty to administer? Many questions remain unanswered as the differing decisions in Truck-A-Way, Barman, and Kerlo reflect. However, as this court is in the Eastern District of California, this court will defer to the district court's decision in Truck-A-Way. Applying the reasoning in that decision to the facts here, the Fourth Amendment of the Constitution is implicated by a chapter 7 trustee's request to search a debtor's residence. The red flags raised by the Truck-A-Way decision are particularly important when the search is requested not only on an ex parte basis, which the Truck-A-Way court found offensive, but completely under seal, as here. The Truck-A-Way decision mandates issuance of a search warrant. Criminal search warrants are issued in aid of criminal prosecution. A chapter 7 trustee is, of course, not authorized to conduct such a prosecution.

Rather, if the trustee has reasonable grounds for believing that a bankruptcy crime has been committed, it is the trustee's duty to report all the facts and circumstances to the appropriate United States Attorney. 18 U.S.C. § 3057(a).

Application to Employ Investigator.

In and of itself, the application to employ an investigator is a straightforward request by the trustee to employ a professional. Based on the evidence provided, it appears to the court appropriate that the trustee employ an investigator to discover assets of the estate; determine whether the debtor or third parties have possession of or have taken property of the estate; and to provide reports and declarations with respect to the foregoing to the trustee. However, there is no evidence of service of the application on the United States Trustee. The court will defer entering an order on the Application to Employ Investigator for ten days to allow time for service on the United States Trustee.

Therefore, by separate order filed herewith, the motion to file documents under seal and to authorize trustee to enter debtor's residence will be denied. Counsel for trustee, after service of the application to employ private investigator on the United States Trustee, shall submit an appropriate form of order granting said motion.

DATED: March 6, 2006.

WHITNEY RIMEL, Judge
United States Bankruptcy Court

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA       )
                          ) ss.
COUNTY OF FRESNO          )

I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 2656 U.S. Courthouse, 1130 O Street, Fresno, California, 93721. On March 6, 2006, I served the within document on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California, addressed as follows:

Michael Terry Hertz, Esq.
LANG, RICHERT & PATCH
P. O. Box 40012
Fresno, California 93755-0012

Office of the United States Trustee
1110 U. S. Courthouse
1130 O Street
Fresno, California 93721

I certify (or declare), under penalty of perjury, that the foregoing is true and correct. Executed on March 6, 2006, at Fresno, California.

_____
Kathy Torres, PLS